UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HIGH NY LLC (Delaware),

                         Plaintiff,         Index No. _____

      -against-

                                                     **JURY TRIAL DEMANDED**

MICHAEL ZAYTSEV and HIGH NY LLC
(New York),

                         Defendants.

---------------------------------------------------------------X

## COMPLAINT

Plaintiff High NY LLC (hereinafter "High NY" or "Plaintiff"), by its undersigned attorneys, brings this action seeking injunctive relief and damages for violations of the laws of the United States and the State of New York.

## PRELIMINARY STATEMENT

High NY LLC, a Delaware corporation, is a marketing business focused on the cannabis industry that provides strategic advice to industry participants and hosts monthly Meetups. High NY was founded by Josh Weinstein and Gary Kofman in early 2014.

A few months later, in May 2014, Weinstein and Kofman invited Defendant Michael Zaytsev to become involved with High NY. Zaytsev initially was offered and accepted the position of Director of Partnerships at High NY. Over time, Zaytsev took on a larger role in the company and was placed in charge of many of the day-to-day functions of High NY.

As has been revealed in recent months, Zaytsev has spent the bulk of his tenure with the company charting a course to abuse his power with the ultimate goal of converting for his personal use and benefit all High NY property that rightfully belongs to the company and its founders.

1

As part of his misconduct, Zaytsev has improperly used the "High NY" trademark—both its name and its logo—without permission. Zaytsev has acknowledged, in publicly available media and in innumerable meetings and discussions, that Weinstein started High NY, yet refuses to return control of company property and assets to the company's principals, Kofman and Weinstein.

Zaytsev has acted intentionally and willfully to convert the company's assets by blocking Kofman and Weinstein's access to company accounts and properties. Additionally, Zaytsev has filed a false and fraudulent trademark registration, in his personal name, for the "High NY" name and logo. High NY therefore seeks to enjoin Zaytsev from the infringing conduct, to recover damages caused to the company by Zaytsev's conduct, and to recover damages measurable as the amounts by which Zaytsev has been unjustly enriched.

## PARTIES

1. Plaintiff High NY LLC is a corporation organized and existing under the laws of Delaware, having its principal place of business in New York, New York.

2. Defendant Michael Zaytsev is an individual, upon information and belief, residing at 8893 18th Avenue, Brooklyn, NY 11214.

3. Defendant High NY LLC is a corporation organized and existing under the laws of New York, having its principal place of business in Brooklyn, New York. This New York LLC was formed by Zaytsev as part of his fraudulent scheme against Plaintiff, and upon information and belief, was used as a vehicle through which Zaytsev received his ill-gotten gains.

## JURISDICTION AND VENUE

4. This is an action for infringement of federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for false or fraudulent registration in violation of Section 38 of the Lanham Act, 15 U.S.C. § 1120 and N.Y. General Business Law § 360-j; for injury to

business reputation under N.Y. General Business Law § 360-l; for deceptive trade practices in violation of N.Y. General Business Law § 349; for trademark infringement in violation of the common law of New York; for unfair competition in violation of the common law of New York; and for fraud in violation of the common law of New York.

5. This court has subject matter jurisdiction over the federal claims relating to trademark infringement, false designation of origin and unfair competition under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

6. This court has supplemental jurisdiction over the New York state claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Defendants have transacted business in and/or have committed tortious conduct within this judicial district, because the events or omissions giving rise to the claims occurred, in part, in the Southern District of New York.

## STATEMENT OF FACTS

8. Josh Weinstein co-founded and organized, through a series of actions, High NY with Gary Kofman.

9. High NY is a marketing business focused on the cannabis industry that provides strategic advice to industry participants and hosts monthly Meetups.

10. Weinstein purchased the domain, highny.com, on or about October 21, 2013.

11. Subsequently, Weinstein began a business relationship with Kofman in connection with High NY.

12. Weinstein and Kofman met on or about February 8, 2014 to discuss business plans and strategy. This meeting resulted in the launching of the highny.com website on or about February 9, 2014 and the creation of a meetup.com[1] group on or about February 21, 2014.

13. The High NY Meetup group announced that it would hold its first Meetup on April 21, 2014.[2]

14. Before its initial Meetup event, High NY secured a sponsorship deal with Weedmaps.[3]

15. High NY hosted its first Meetup on April 23, 2014. Approximately 30 people attended the event, which featured guest speaker Adam Scavone.

16. High NY continued to host monthly Meetups in the months and years ahead.

17. On or about May 6, 2014, Kofman incorporated in Delaware the entity High NY LLC.

18. In May of 2014, Weinstein contacted Michael Zaytsev, offering him the position of Director of Partnerships at High NY. Zaytsev accepted this offer and became part of the High NY team.

19. On or about May 17, 2014, Jennie Liang, Director of Marketing at High NY, along with other members of the team, contacted James Huang, whom they contracted to design the logo for High NY. Liang, acting explicitly on behalf of the company, sent payment to Huang for his services to High NY on or about July 7, 2014.

20. On or about June 25, 2014, Noah Plotnicki, who held the position as Chief Operating Officer ("COO") of High NY, stepped down from his position. Around this time, Josh Weinstein

---

[1] Meetup is an online social networking portal that facilitates offline group meetings of individuals unified by a common interest.

[2] This Meetup was later rescheduled eventually took place on April 23, 2014.

[3] Weedmaps is a legal online marijuana community that allows users to review and discuss cannabis dispensaries and strains.

4

offered Michael Zaytsev the COO position. Zaytsev declined the offer, stating that "it's not realistic right now for me to do COO."

21. On or about October 1, 2014, Weinstein nominated Zaytsev to be the Organizer of the Meetup group in order to address issues Zaytsev had been having making payment of the organizer dues. These were dues owed by the company, not Zaytsev personally, and payments were made on behalf of the company.

22. As Organizer of the Meetup group, Zaytsev now had sole authority over the account, which remained company property. Weinstein, at this time, was listed as a "co-organizer" and retained broad authority over the account.

23. In March 2014, Gary Kofman moved to Colorado. As a result of this move, Kofman became less involved in the day-to-day decision-making and operations of High NY. Nonetheless, Kofman remained as acting CEO and continued his work on behalf of the company, bringing in speakers for events, marketing, maintaining relationships and seeking new sources of revenue for High NY.

24. Over the following months, Zaytsev gradually became the primary day-to-day decision-maker for High NY, while Kofman and Weinstein took less active roles. This decreased role for Weinstein in particular, was by design. As a non-consumer of cannabis, Weinstein wished to step into a role akin to a board chair and to have Zaytsev take on operational and executive control of the day-to-day business.

25. From Kofman's perspective, he had by the fall of 2014 accepted a position as chief financial officer of a recreational cannabis company in Boulder, Colorado, so needed to reduce his role with High NY.

26. It was at this time, in the fall of 2014, that Zaytsev began to abuse his power in the corporation and attempt to take over the business that was founded by and belonged to Kofman and Weinstein.

27. Zaytsev used his position at High NY to subvert ownership through a series of actions intended to block out Kofman and Weinstein and hold himself out to the public as founder and owner of High NY.

28. On or about October 25, 2014, Kofman instructed Zaytsev to file the trademark for the "High NY" name and logo, which Weinstein and his co-founder Kofman had been using continually for many months prior to Zaytsev's association with the company.

29. Instead of filing the trademark for the company, as instructed, Zaytsev on or about November 10, 2014 filed the trademark individually. In doing so, Zaytsev filed a false and fraudulent registration with U.S. government.

30. High NY, along with its principals, Weinstein and Kofman, were the first users of the "High NY" trademarks and are the sole legal owners of the trademarks.

31. During early 2015, Plaintiff instructed Zaytsev to incorporate High NY as an LLC with the state of New York. This would be an LLC in addition to the already existing Delaware LLC.

32. During these conversations regarding the New York LLC, Zaytsev wrote to Weinstein that he was listing Weinstein as an owner and requested his social security number in connection with an IRS filing associated with the LLC incorporation.

33. Instead, in March 2015, Zaytsev filed the certificate of incorporation for High NY with the New York Department of State, recording himself as the sole owner. Since that time, Zaytsev has used the New York LLC as a vehicle through which to receive his ill-gotten gains.

34. Zaytsev continued to subvert High NY and its principals by stealing the High NY client list for his own, separate, business purposes while simultaneously blocking Weinstein and Kofman from the company's Meetup profile, Facebook page, and Twitter account, among other business tools. (The company was ultimately able to reclaim the Twitter account because it was associated with the highny.com domain, over which it retained control throughout.)

35. On or about February 29, 2016 Zaytsev purchased the domain highny.org. The highny.org website has used Plaintiff's trademarks without permission.

36. As part of his scheme to falsely demonstrate ownership and control of the company and trademarks, Zaytsev even went so far as to fraudulently backdate an invoice and intellectual property transfer agreement pertaining to the company's logo.

37. Zaytsev now holds himself to the public as the founder of High NY and does business as such, without the consent of Kofman and Weinstein. Among the vehicles and venues through which Zaytsev makes this false representation are press interviews and a self-published book.

38. Despite publicly acknowledging that "[m]y high school buddy, Josh [Weinstein], started [High NY]," in an interview published on merryjane.com, Zaytsev continues to block Kofman and Weinstein from High NY property and use it to further his personal business interests.

39. Weinstein and Kofman never ceded their interests in High NY to Zaytsev and have repeatedly attempted to stop Zaytsev's unlawful conduct, which has irreparably harmed Plaintiff.

40. Weinstein has attempted to resolve many of these issues with Zaytsev amicably, but has Zaytsev has refused to respond in a reasonable manner. In one instance, when Weinstein thought they had come to a mediated agreement brokered by one of Zaytsev's closest friends, Zaytsev proceeded to immediately breach that agreement.

41. Weinstein asked Zaytsev to sign an agreement reflecting the compromise they had reached during their mediation. Reneging on their agreement, Zaytsev instead sent out a newsletter dated September 7, 2016, to all High NY group members, informing them that High NY was shutting down and that the members should subscribe to his personal newsletter.

42. Simultaneously, in an obvious attempt to steal Plaintiff's property and assets, Zaytsev changed the names of all High NY properties to "NY's Highest."

43. Zaytsev retained counsel on September 12, 2016, and has since changed the High NY properties back to their original names, but has continued to improperly control all business properties and use Plaintiff's trademarks without permission.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

44. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 43 of this Complaint.

45. Defendants have, without the consent of Plaintiff, used in commerce trademarks that rightfully belong to Plaintiff.

46. Defendants have procured registration of the "High NY" trademarks by false and fraudulent declaration and/or representation.

47. The aforesaid acts of Defendants constitute trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114 and 1120.

48. The aforesaid acts of Defendants have been intentional, willful and in bad faith.

49. Plaintiff has been damaged by Defendants' infringing and unlawful acts.

50. Plaintiff is entitled to all profits of Defendants in connection with his use of the "High NY" trademarks, in addition to damages, costs, attorneys' fees, and treble damages, pursuant to 15 U.S.C. § 1117.

51. Plaintiff is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

52. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 43 of this Complaint.

53. The aforesaid acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants or Defendants' goods or commercial activities with Plaintiff or its goods or services, or as to the origin, sponsorship, or approval of Defendants' goods or services by Plaintiff.

54. The aforesaid acts of Defendants constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

56. Plaintiff has been and is likely to be damaged by Defendants' infringing and unlawful acts.

57. Plaintiff is entitled to all profits of Defendants in connection with his use of the "High NY" trademarks, in addition to damages, costs, attorneys' fees, and treble damages pursuant to 15 U.S.C. § 1117.

58. Plaintiff is entitled to and seeks injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT III

**FRAUDULENT REGISTRATION UNDER N.Y. GEN. BUS. L. § 360-J**

59. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 43 of this Complaint.

60. Defendants have, without the consent of Plaintiff, used in commerce trademarks that rightfully belong to Plaintiff.

61. Defendants have procured registration of the "High NY" trademarks by false and fraudulent declaration and/or representation.

62. The aforesaid acts of Defendants constitute trademark infringement in violation of N.Y. Gen. Bus. L. § 360-j.

63. The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

64. Plaintiff has been damaged by Defendants' infringing and unlawful acts.

65. Plaintiff is entitled to three times all profits of Defendants in addition to damages and attorneys' fees.

66. Plaintiff is entitled to and seeks injunctive relief as a result thereof pursuant to N.Y. Gen. Bus. L. § 360-m.

## COUNT IV

**INJURY TO BUSINESS REPUTATION UNDER N.Y. GEN. BUS. L. § 360-L**

67. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 43 of this Complaint.

68. Defendants have, without the consent of Plaintiff, used in commerce trademarks that rightfully belong to Plaintiff.

69. Defendant Zaytsev has falsely held himself as founder and owner of High NY to the public.

70. Defendant Zaytsev has procured registration of the "High NY" trademarks by false and fraudulent declaration and/or representation.

71. The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

72. Plaintiff has been damaged by Defendants' infringing and unlawful acts.

73. Plaintiff is entitled to three times all profits of Defendants in addition to damages and attorneys' fees.

74. Plaintiff is entitled to and seeks injunctive relief as a result thereof pursuant to N.Y. Gen. Bus. L. § 360-m.

## COUNT V

### COMMON LAW TRADEMARK INFRINGEMENT

75. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 43 of this Complaint.

76. The aforesaid acts of Defendants constitute trademark infringement in violation of New York common law.

77. The aforesaid acts of Defendants have been intentional, willful, and in bad faith.

78. Plaintiff has been damaged by Defendants' infringing and unlawful acts.

79. Plaintiff is entitled to all profits of Defendants in addition to damages and attorneys' fees.

80. Plaintiff is entitled to and seeks injunctive relief.

## COUNT VI

### COMMON LAW FRAUD

81. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 43 of this Complaint.

82. As described above, Defendant Zaytsev knowingly falsely represented to Plaintiff that he was registering the "High NY" trademarks on behalf of High NY.

83. In addition, Defendant Zaytsev knowingly false represented to Plaintiff that he was incorporating the High NY LLC with the State of New York, listing Weinstein and Kofman as owners.

84. Defendant Zaytsev knew the Plaintiff was relying on the truth of his statements concerning the filing of the trademarks and the incorporation of High NY LLC with the State of New York.

85. Plaintiff reasonably believed Defendant Zaytsev's misrepresentations and in fact relied on those misrepresentations.

86. Instead, Defendant Zaytsev filed the trademark registration in his individual capacity, and failed to list Weinstein and Kofman as owners when registering High NY LLC with the State of New York.

87. The aforesaid acts of Defendant Zaytsev constitute fraud in violation of New York common law.

88. The aforesaid acts of Defendant Zaytsev have been intentional, willful and in bad faith.

89. Plaintiff has been damaged by Defendant Zaytsev fraudulent misrepresentations.

90. Plaintiff is entitled to all profits of Defendants in addition to damages and attorneys' fees.

91. Plaintiff is entitled to and seeks injunctive relief.

## COUNT VII

## COMMON LAW UNFAIR COMPETITION

92. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 43 of this Complaint.

93. The aforesaid acts of Defendants constitute unfair competition in violation of New York common law.

94. The aforesaid acts of Defendants have been intentional, willful and in bad faith.

95. Plaintiff has been damaged by Defendants' infringing and unlawful acts.

96. Plaintiff is entitled to all profits of Defendants in addition to damages and attorneys' fees.

97. Plaintiff is entitled to and seeks injunctive relief.

## COUNT VIII

## COMMON LAW CONVERSION

98. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 43 of this Complaint.

99. The aforesaid acts of Defendants constitute conversion in violation of New York common law.

100. The aforesaid acts of Defendants have been intentional, willful and in bad faith.

101. The aforesaid acts of Defendants have interfered with Plaintiff's rights of possession of High NY assets and properties.

102. Plaintiff has been damaged by Defendants' infringing and unlawful acts.

103. Plaintiff is entitled to all of its rightful property, profits of Defendants, damages and attorneys' fees.

104. Plaintiff is entitled to and seeks injunctive relief.

## COUNT IX

## DECEPTIVE TRADE PRACTICES UNDER N.Y. GEN. BUS. L. § 349

105. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 43 of this Complaint.

106. Defendants' unauthorized use of the "High NY" trademarks and actions with regard to the High NY business are deceptive and misleading and is likely to damage the public.

107. The aforesaid acts of Defendants have been intentional, willful and in bad faith.

108. Plaintiff has been damaged by Defendants' infringing and unlawful acts.

109. Plaintiff is entitled to all of its rightful property, profits of Defendants, damages and attorneys' fees.

110. Plaintiff is entitled to and seeks injunctive relief as a result thereof pursuant to N.Y. Gen. Bus. L. § 360-m.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter a final judgment against Defendants as follows:

A. On the first claim for relief, preliminarily and permanently enjoining and restraining Defendants from using the "High NY" trademarks and an order instructing Defendants to turn over all High NY property and assets to Plaintiff, actual damages in an amount to be determined at trial, plus interest, treble damages, punitive damages and attorneys' fees as allowed by law;

B. On the second claim for relief, preliminarily and permanently enjoining and restraining Defendants from using the "High NY" trademarks and an order instructing Defendants to turn over all High NY property and assets to Plaintiff, actual damages in an amount to be determined at trial, plus interest, treble damages, punitive damages and attorneys' fees as allowed by law;

C. On the third claim for relief, preliminarily and permanently enjoining and restraining Defendants from using the "High NY" trademarks and an order instructing Defendants

  to turn over all High NY property and assets to Plaintiff, actual damages in an amount to be determined at trial up to an including three times the profits wrongly obtained by Defendants, plus interest, punitive damages and attorneys' fees as allowed by law;

D. On the fourth claim for relief, preliminarily and permanently enjoining and restraining Defendants from using the "High NY" trademarks and an order instructing Defendants to turn over all High NY property and assets to Plaintiff, actual damages in an amount to be determined at trial, plus interest, punitive damages and attorneys' fees as allowed by law;

E. On the fifth claim for relief, preliminarily and permanently enjoining and restraining Defendants from using the "High NY" trademarks and an order instructing Defendants to turn over all High NY property and assets to Plaintiff, actual damages in an amount to be determined at trial, plus interest, punitive damages and attorneys' fees as allowed by law;

F. On the sixth claim for relief, preliminarily and permanently enjoining and restraining Defendants from using the "High NY" trademarks and an order instructing Defendants to turn over all High NY property and assets to Plaintiff, actual damages in an amount to be determined at trial, plus interest, punitive damages and attorneys' fees as allowed by law;

G. On the seventh claim for relief, preliminarily and permanently enjoining and restraining Defendants from using the "High NY" trademarks and an order instructing Defendants to turn over all High NY property and assets to Plaintiff, actual damages in an amount to be determined at trial, plus interest, punitive damages and attorneys' fees as allowed by law;

H. On the eighth claim for relief, preliminarily and permanently enjoining and restraining Defendants from using the "High NY" trademarks and an order instructing Defendants to turn over all High NY property and assets to Plaintiff, actual damages in an amount to be determined at trial, plus interest, punitive damages and attorneys' fees as allowed by law;

I. On the ninth claim for relief, preliminarily and permanently enjoining and restraining Defendants from using the "High NY" trademarks and an order instructing Defendants to turn over all High NY property and assets to Plaintiff, actual damages in an amount to be determined at trial, plus interest, punitive damages and attorneys' fees as allowed by law;

J. Awarding Plaintiff such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED:   New York, New York         Respectfully Submitted,
         October 14, 2016

                                    /s/ Kevin D. Galbraith
                                    Kevin D. Galbraith, Esq. (KG 7512)

                                    The Galbraith Law Firm
                                    236 West 30th Street, 5th Floor
                                    New York, New York 10001
                                    (212) 203-1249

                                    *Counsel for Plaintiff*